UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TIMOTHY GAINES,

    Petitioner,

v.    CAUSE NO. 3:18-CV-824-DRL-MGG

WARDEN,

    Respondent.

OPINION & ORDER

Timothy Gaines, a prisoner without a lawyer, filed an amended habeas corpus petition challenging a prison disciplinary hearing (ISP 18-06-152) where a Disciplinary Hearing Officer (DHO) found him guilty of engaging in an Unauthorized Financial Transaction in violation of Indiana Department of Correction policy B-220. ECF 3 at 1. As a result, he was sanctioned with the loss of 90 days earned credit time. *Id.* The respondent filed a return. Mr. Gaines didn't file a traverse, and the time for doing so has passed.

Mr. Gaines raises two grounds for habeas corpus relief. First, he argues he was denied due process because he wasn't told 24 hours before his hearing that Mr. Veal was submitting a witness statement. *Wolff v. McDonnell*, 418 U.S. 539 (1974), requires that an inmate facing disciplinary charges, when he could lose earned credit time, must be given 24 hour advance written notice of the factual basis of the charges against him. However, *Wolff* makes no provision for notice about what witnesses or witness statements might be offered at the hearing. Mr. Gaines says he asked for a continuance when he learned Mr. Veal had submitted a statement, but *Wolff* does not provide for a due process right to a continuance. *See White v. Ind. Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001) (warning against adding additional due process protections beyond those provided by *Wolff*). This then isn't a basis for habeas corpus relief.

Second, Mr. Gaines argues there was insufficient evidence to have found him guilty of engaging in an unauthorized financial transaction. However, during an interview by prison investigators, Mr. Gaines admitted he gave commissary items and tobacco to Mr. Veal. ECF 11 at 3. He admitted Mr. Veal's wife sent money to his (Mr. Gaines') mother. Mr. Gaines made the same admissions in his administrative appeal. ECF 9-7 at 1.

In the disciplinary context, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted). Mr. Gaines denies prior knowledge of the financial transactions between his mother and Mr. Veal's wife. It is possible he didn't know about these transactions and was merely giving Mr. Veal commissary and tobacco because he was generous. However, "[t]he Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 457 (1985). It was not arbitrary for the DHO to have concluded that the payments made by Mr. Veal's wife were an unauthorized financial transaction paying for the commissary and tobacco. So this too isn't a basis for habeas corpus relief.

If Mr. Gaines wants to appeal this order, he doesn't need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). He may not proceed *in forma pauperis* on appeal because, under 28 U.S.C. § 1915(a)(3), an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition;

(2) DENIES Timothy Gaines leave to appeal *in forma pauperis*; and

(3) DIRECTS the clerk to close this case.

SO ORDERED.

August 11, 2020              *s/ Damon R. Leichty*
                             Judge, United States District Court